MARTHA A. ROBERTSON *vs.* MINNIE H. ROBERTSON.

Suffolk. January 22, 1904. — June 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Equity Jurisdiction. Pledge.*

An attempted pledge invalid for want of delivery cannot be enforced in equity.

In a suit in equity to enforce an alleged equitable pledge, it appeared, that the defendant's testator owed a certain sum of money to the plaintiff for which he gave the plaintiff a note and set aside as security for the note certain certificates of stock which he retained in his own possession and afterwards sold, that at his death an envelope was found in a trunk belonging to him containing two certificates of membership in cotton exchanges with a statement signed by him to the effect that these certificates were security in part for cash borrowed by him from the plaintiff, and had been so held since he had sold the shares of stock which previously had been the plaintiff's security. His estate was insolvent. *Held,* that, as it did not appear that the certificates of stock originally regarded as security ever were delivered to the plaintiff, there was no pledge on which to base an equitable claim to the certificates found in the trunk as having been substituted for a former security.

BILL IN EQUITY, filed January 26, 1903, to enforce an alleged equitable pledge of two certificates of membership in cotton exchanges, the proceeds from the sale of which were in the hands of the defendant as executrix under the will of Edwin R. Robertson, late of Boston.

The Superior Court made a decree dismissing the bill with costs; and the plaintiff appealed.

*H. D. Hardy,* for the plaintiff.

*T. W. Proctor,* for the defendant.

LATHROP, J.   This is a bill in equity, filed in the Superior Court against the defendant personally and as executrix of the will of Edwin R. Robertson, praying that the plaintiff be adjudged owner of certain money, being the proceeds of two certificates of membership, one in the New York Cotton Exchange, and the other in the New Orleans Cotton Exchange; and that the defendant pay over to the plaintiff the money thus obtained.   In the Superior Court the bill was dismissed without costs; and the plaintiff appealed to this court.

The facts as they appear in the record are as follows: On May 13, 1899, the plaintiff lent to the defendant's testator the sum of $7,000, and received from him his promissory note, payable in three months, with interest at six per cent, which interest was paid to November 13, 1901.   To secure this loan the defendant's testate gave as collateral security certain stock in the Robertson Paper Company, though it does not appear that a certificate of this stock was ever in the possession of the plaintiff.   In the latter part of 1890, the defendant's testate sold this stock for $32,000.   He died in 1902, and after his death an envelope containing the two certificates of membership were found in a trunk belonging to him, with a statement signed by him to the effect that these certificates were security in part for cash borrowed by him of the plaintiff, and had been so held since he sold out his Robertson Paper Company stock which had been her security before.   These certificates were afterwards sold by the defendant with the assent of the plaintiff, and the proceeds deposited in a trust company.   The estate of the defendant's testate is insolvent, and commissioners have been appointed.

The plaintiff's argument in this case proceeds upon the theory

that she once held in her possession the shares of the Robertson Paper Company as collateral security for her loan, and delivered them to the defendant's testate that he might sell them and substitute other security. But this theory is not supported by the facts. The plaintiff did not testify as a witness, but called the defendant, who was asked on cross-examination this question: "Do you know as to the Robertson Paper Co. stock, did Mrs. Robertson have possession of that?" The answer was: "It was so held in the bank at Brattleboro as belonging to her, with other notes; I think she had Mr. Robertson's note, she must have had." She was then asked this question: "Why was it in the bank at Brattleboro?" and answered: "Because that is where his paper mill business was; you see the business was at Bellows Falls and they did their banking with the Brattleboro bank."

The Superior Court may well have found on this evidence that there was no delivery to the plaintiff of the certificate of the paper company's stock, and therefore no possession of the same by her. The case then is one of an attempted pledge, invalid for want of delivery. *Bonsey* v. *Amee,* 8 Pick. 236. *Moors* v. *Reading,* 167 Mass. 322.

*Decree affirmed.*